ADLER *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, General Term.* May 2, 1892.)

1. EMINENT DOMAIN—ELEVATED RAILWAY STATIONS—INJUNCTION.

All stations and side tracks of an elevated railway must be constructed within the prescribed line of its route, and where the company constructs a station projecting into a side street, which is not within the limits prescribed by the rapid transit commissioners, the implication is that it acts without legislative authority, and an injunction will issue to compel the removal thereof.

2. SAME—INJUNCTION—EXTENT OF INJURY—DE MINIMIS.

Where there is a positive invasion of property rights, the maxim *de minimis non curat lex* does not apply; and the fact that such station only projects two feet into the side street, even if it could be considered as a trifling injury, is no objection to the assertion of the property owner's legal rights.

Appeal from special term.

Action by Leopold Adler against the Metropolitan Elevated Railway Company and others. A judgment was entered awarding the plaintiff $1,250 damages, and restraining the defendants from the further operation of their road in front of the plaintiff's premises No. 132 First avenue, unless within a time fixed by the decree they pay to the plaintiff the sum of $5,000, adjudged to be the value of the easements taken, and directing the removal of such portion of their station as extends into Eighth street. Defendants appeal. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

*Davies & Rapallo* and *B. Tolles,* for appellants. *C. P. & J. A. B. Cowles,* for respondent.

McADAM, J. The evidence satisfactorily sustains the findings of the court below, both as to past damages and value of the easements. The only question requiring special mention arises on the part of the judgment which requires the defendants to remove that portion of their structure or station which projects into Eighth street. The plaintiff does not dispute the right of the Metropolitan Elevated Railway Company to build and maintain stations along its established route. The legislature has given it this authority, and, in any event, it would seem to follow by necessary implication. But he insists that the defendant can exercise only such power as the legislature has given it; that when the route is designated, this means that the corporation must keep the whole and every part of its structure, of whatever nature the same may be, within the confines of the line; and that, although stations, sidings, and switches may be constructed on the roadway, they cannot be built off such route. The plaintiff is correct in his contention. The railway company has no right whatever to appropriate public streets or highways to its use without legislative sanction, and even then is bound to make compensation to the abutting owners for any injury done to their property by reason of any interference which its structure may cause to their easements of light, air, or access, or any depreciation in fee or rental value resulting from the operation of its road. The *onus* was, therefore, upon the railway company to show some grant which permitted it to diverge from the line of its route into Eighth street, and erect a station projecting two feet beyond the easterly line of First avenue. No such permission was shown, and that portion of the structure must therefore be assumed to have been built and maintained without the semblance of right, (not as a temporary privilege, but permanent erection,) and the court below properly directed its removal. This accords with the decision of Judge O'BRIEN in dismissing condemnation proceedings affecting the same property. *In re Metropolitan El. Ry. Co.,* (Sup.) 12 N. Y. Supp. 506. In the construction of grants of franchises, such grants are generally construed most favorably to the public, and most strongly against the grantee. Nothing, as a rule, passes, except what is expressed in unequivocal language. *Langdon* v.

*Mayor, etc.,* 93 N. Y. 129, 147; *Syracuse Water Co.* v. *City of Syracuse,* 116 N. Y. 167, 178, 22 N. E. Rep. 381.    Applying this rule, it follows that, as Eighth street is not included in the route designated by the rapid transit commissioners, and was not essential to the enjoyment of the franchise, it is to be regarded as excluded.    There is room for no other implication.    The defendants urge that the interference with the public right in Eighth street is too trivial to be made the basis of a judgment for removal on the principle of *de minimis non curat lex.*    This maxim is never applied to the positive and wrongful invasion of another's property.    The degree is wholly immaterial. *Seneca R. Co.* v. *Auburn & R. R. Co.,* 5 Hill, at page 175.    Two feet of land in a thickly populated portion of a city is not so trifling as to deny the injured party the legal remedies necessary or proper for asserting the right of property thereto, or to redress any trespass thereon.    We find no error, and the judgment appealed from must be affirmed, with costs.